# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **ROBERT WILSON, PATRICK CATON, GERALD HODGES and ANDREW MITCHELL,** c/o Gottesman & Associates, LLC 9200 Montgomery Road Bldg. E – Suite 18B Cincinnati, Ohio  45242, | : : : : : : : : : | CASE NO: 1:25-cv-326 JUDGE: |
| Plaintiffs, | : : | |
| vs. | : : | |
| **THE CITY OF CINCINNATI,** 801 Plum Street, Suite 214 Cincinnati, OH 45202, | : : : : : | **COMPLAINT** **(WITH JURY DEMAND)** |
| And | : : | |
| **THERESA THEETGE, in her individual and official capacities** 801 Plum Street, Suite 214 Cincinnati, OH 45202, | : : : : : : : | |
| Defendants. | : : | |

Plaintiffs Robert Wilson, Patrick Caton, Gerald Hodges and Andrew Mitchell, for their Complaint against Defendants City of Cincinnati and Theresa Theerge, states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-*et seq.* against the City of Cincinnati ("City"), and pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution against the City and Theresa Theetge ("Theetge"), alleging that Defendants discriminated against Plaintiffs, current employees of the City's Police Department, on the basis of their race and/or sex with respect to

the terms and conditions of their employment. Plaintiffs, who are white males, were denied all opportunities for preferred assignments due to their race and/or sex. Defendants' intentional and discriminatory practices in assigning Lieutenants to preferred assignments has disproportionately favored non-white males and/or females, without legitimate, non-discriminatory justification, thereby denying Plaintiffs equal employment opportunities.

2. Plaintiffs seek all remedies available under applicable law, including without limitation, compensatory damages, punitive damages, declaratory relief, injunctive relief and reasonable attorneys' fees and costs.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs allege race and sex-based discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as race and sex-based discrimination under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

4. This Court also has supplemental jurisdiction over the related state law claims under R.C. 4112 *et seq.*, which provides relief from discrimination on the basis of race and sex, pursuant to 28 U.S.C. § 1367, because Plaintiffs' state law claims are so related to their federal claims over which the Court has jurisdiction that they form part of the same case or controversy.

5. Plaintiffs are adult male citizens of the State of Ohio.

6. The City has its principal place of business within the Southern District of Ohio and Theetge is also a resident of Ohio and within the Southern District of Ohio. The Court has personal jurisdiction over the City and Theetge.

7. Venue is appropriate because the acts and/or omissions complained of by the Plaintiffs occurred within the Southern District of Ohio, Western Division.

### III.  PROCEDURAL HISTORY AND REQUIREMENTS

8. On or about September 24, 2023, Plaintiffs Robert Wilson, Patrick Caton and Gerald Hodges each filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  True and correct copies of the charges are attached as Exhibit 1.

9. On or about November 2, 2023, Plaintiff Andrew Mitchell filed a charge of discrimination with the EEOC.  A true and correct copy of the charge is attached as Exhibit 2.

10. On or about February 20, 2025, each Plaintiff was issued a Notice of Right to Sue Letter ("Right to Sue").  True and correct copies of the Right to Sue Letters are attached as Exhibit 3.

11. This Complaint is being filed within 90 days of each Plaintiff's receipt of the Notice of Right to Sue.

### IV.  PARTIES

12. Plaintiff Robert Wilson ("Wilson") is an adult white male and has been employed by Defendant in its Police Department since June 17, 2007. He currently holds the rank of Captain. He served as a Lieutenant in the Cincinnati Police Department from December 2022 to July 2024.

13. Plaintiff Patrick Caton ("Caton") is an adult white male and has been employed by Defendant in its Police Department since January 5, 1997.  Patrick Caton currently holds the rank of Lieutenant and has been a Lieutenant since February 10, 2016.

14. Plaintiff Gerald Hodges ("Hodges") is an adult white male and has been employed by Defendant in its Police Department since December 19, 2004.  Gerald Hodges currently holds the rank of Lieutenant and has been a Lieutenant since December 27, 2020.

15. Plaintiff Andrew Mitchell ("Mitchell") is an adult white male and has been employed by Defendant in its Police Department since September 25, 2005.  Plaintiff Andrew Mitchell currently holds the rank of Lieutenant and has been a Lieutenant since April 23, 2017.

16. During all relevant times, Wilson, Caton, Hodges, and Mitchell (collectively "Plaintiffs"), were employees within the meaning of 42 U.S.C. §2000e.

17. Plaintiffs, herein, are well qualified for their positions, possessing many years of law enforcement experience, and having achieved employee reviews and other recognition consistent with continuous meritorious service.

18. Defendant City of Cincinnati is a municipal corporation organized under the laws of Ohio and operates the Cincinnati Police Department.

19. Defendant Theetge, starting February, 2022 until January 9, 2023, was appointed Interim Police Chief following the retirement of former Chief Elliott Isaac and in that position had the powers and responsibilities to exercise all powers as Police Chief, for the City of Cincinnati. Starting January 9, 2023, Defendant Theetge was appointed and sworn in as Police Chief. Among other things, the Police Chief for the City of Cincinnati exercises final decision-making authority within the City and the Cincinnati Police Department for all assignment decisions within the Cincinnati Police Department. As relates to the discrimination alleged herein, Theetge was both personally involved in the assignment decisions, and the final decision-making authority for the City on such decisions. At all times relevant herein, with respect to the assignment decisions, Theetge was acting under color of law.

20. The City is an employer within the meaning of 42 U.S.C. §2000e(f) and Ohio Code 4112.01(A)(3), and a municipality within the State of Ohio, and was acting under color of law.

21. Theetge and the City are collectively referred to as "Defendants."

## V. STATEMENT OF FACTS

22. Defendants assign Lieutenants to work either as district/section relief (i.e., patrol supervisor) ("relief assignment") or to a specialty command/preferred assignment ("preferred assignment").

4

23. Preferred assignments include perks and monetary benefits, such as take-home cars, additional overtime opportunities and pay and call-out/on-call pay that are not afforded to relief assignments. Preferred assignments are also generally regarded within the Police Department as career-enhancing, including for promotional purposes.

24. As compared to Lieutenants who are given preferred assignments, Lieutenants assigned to a relief assignment receive less access to overtime, less recall time, less experience, less opportunity for career growth, less schedule flexibility/restrictions on off-time, and fewer benefits (i.e.., a take-home vehicle), all constituting tangible employment benefits.

25. Defendant's Chief of Police, including Theetge during the relevant time period makes all assignment decisions, including assigning Lieutenants to preferred assignments.

26. Since Chief Theetge's appointment from January 9, 2023 to the present, minority and/or female Lieutenants have been given preferred assignments based on their race and/or sex, without regard to their years of experience, qualifications, work history and/or District Commanders' staffing requests.

27. During the relevant time period:

   a. Defendant employed approximately forty (40) Police Lieutenants in its Police Department. Thirty-nine (39) Lieutenants had active assignments and one (1) was on military leave.

   b. Approximately 65% of the Lieutenants were white males; 35% were non-white males or females.

   c. Defendant assigned a total of seventeen (17) Lieutenants to a relief assignment. Of those, fourteen (14) were white males, approximately 82% of the total district/section relief positions. Two of the three (2 black males and 1 black

5

female) remaining Lieutenants requested the relief assignment and were so assigned based on their preference.

d. Of the total minority complement of Lieutenants (14), 79% were given preferred assignments.

e. Of the total female complement of Lieutenants (9), 89% were given preferred assignments.

f. Of the total white male complement of Lieutenants (excluding the Lieutenant on military leave), approximately 44% were given preferred assignments, because there were not sufficient minorities or females to fill such assignments.

28. Examples of Defendant's discriminatory assignments include, but are not limited to:

a. In or about November 2022 to January 2023, Plaintiff Andrew Mitchell was transferred from a preferred assignment covering IT responsibilities, to a district relief position as a result of discipline. Although Victoria Weyda, a white female Lieutenant, had been disciplined with sustained findings from an internal investigation, she was transferred from a preferred assignment (Inspections) to Plaintiff Mitchell's prior preferred IT assignment. Shannon Heine, the last white female Lieutenant in a relief assignment at the time, was transferred into Lt. Weyda's prior preferred assignment (Inspections).

b. In or about January 2023, District 5 Commander, Captain Amanda Caton, specifically requested that Plaintiff Lieutenant Jerry Hodges (white, male) be assigned to District 5 as the Investigative Lieutenant. Instead, Chief Theetge chose Lieutenant Denica Gilmer (black, female) later. Upon information and

  belief, the choice to assign Lt. Gilmer was not based on any legitimate, non-discriminatory reason, but instead was based on race and/or sex.

c. In or about July, 2023, Criminal Investigative Section Commander, Captain Steven Saunders, posted a vacancy for the Major Offenders Unit Commander, requesting that Lieutenants submit an interdepartmental correspondence letter expressing interest in the position. Several white, male Lieutenants applied for the position who were more or better qualified for the assignment, but Lieutenant Denica Gilmer (black, female) was chosen for the assignment. Upon information and belief, Lt. Gilmer was not selected for the preferred assignment based on legitimate, non-discriminatory reasons, but instead was selected based on considerations of race and/or sex. The Major Offenders Unit Commander assignment was her second preferred assignment in approximately 6 months.

d. In or about June 2023, Lieutenant Jarrod Cotton (black, male) was given a preferred assignment on June 11, 2023, the day he was promoted to Lieutenant, despite two white male Lieutenants having scored above him on the promotional examination for the rank of Lieutenant. Several white, male Lieutenants applied for and/or requested the position who were more or better qualified for the assignment, including Plaintiffs herein, but Lieutenant Cotton was chosen for the assignment on the basis of his race.

e. On or about May 26, 2024, Herman Hill (black male) was selected as a supervisor within the Youth Services Section (a preferred assignment). Several white, male Lieutenants applied for and/or requested the position who were more or better qualified for the assignment, including Plaintiffs herein, but

Lieutenant Hill was chosen for the assignment on the basis of his race.

f. On or about July 21, 2024, Shannon Heine (white female) was selected as a supervisor within the Wellness, Background and Recruiting Section (a preferred assignment). Several white, male Lieutenants applied for and/or requested the position who were more or better qualified for the assignment, including Plaintiffs herein, but Lieutenant Heine was chosen for the assignment on the basis of her sex.

g. On or about September 15, 2024, Christy Brehm (white female) was selected as a supervisor within the Logistics Management section (a preferred assignment). Several white, male Lieutenants applied for and/or requested the position who were more or better qualified for the assignment, including Plaintiffs herein, but Lieutenant Brehm was chosen for the assignment on the basis of her sex.

h. In or about September 29, 2024, Lieutenant Jarrod Cotton (black, male) was given a preferred assignment to CIS/Major Offenders Unit. Several white, male Lieutenants applied for and/or requested the position who were more or better qualified for the assignment, including Plaintiffs herein, but Lieutenant Cotton was chosen for the assignment on the basis of his race.

i. On or about January 5, 2025, Jen Mitsch (white female) was selected as a supervisor within the Homicide section (a preferred assignment). Several white, male Lieutenants applied for and/or requested the position who were more or better qualified for the assignment, including Plaintiffs herein, but Lieutenant Mitsch was chosen for the assignment on the basis of her sex.

29. Defendants, and specifically Chief Theetge, has used (until it was challenged in this Court) a race-based quota system to ensure that Defendant promotes minorities and/or women to Lieutenant, and then have made and continue to make assignment decisions solely on the basis of race and/or sex, depriving white male lieutenants. Including the Plaintiffs of tangible employment benefits.

30. Defendants' decisions were not based on merit, qualifications or legitimate business needs, but were instead motivated by unlawful discriminatory considerations of race and/or sex.

31. The City and Chief Theetge have actively and systemically undertaken efforts to promote, advance, and make promotion and assignment decisions that are preferable to women and minorities, and to the exclusion of white men, including through hiring, diversity initiatives, outreach programs, promotional processes, and other steps that demonstrate both a systemic practice of discrimination against white males, and that there are background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority. Plaintiffs, who are all white males, applied for, and did not receive those positions. Furthermore, as respects the preferential assignments, each of the Plaintiffs were qualified for those positions. And similarly situated persons received those preferential assignments on the basis of race and/or sex. Plaintiffs were treated differently than similarly situated employees of a different race and/or sex.

32. Defendants' actions as described above constitute a pattern or practice of discrimination.

33. As a direct result of Defendant's discriminatory practices, Plaintiffs have suffered harm, including but not limited to lost wages, lost promotional opportunities, emotional distress, and damage to professional reputation.

## VI.  STATEMENT OF CLAIMS

### Count One (as against the City of Cincinnati)
### Title VII, 42 U.S.C. § 2000e-2(a)
### Disparate Treatment -- Discrimination on the Basis of Race and Sex

34. Plaintiffs incorporate by reference all of the above paragraphs as though fully restated herein.

35. Title VII prohibits employers from discriminating against employees with respect to terms, conditions, or privileges of employment because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a).

36. Defendant City violated Title VII by intentionally discriminating against Plaintiffs in making lieutenant assignments on the basis of race and/or sex, denying Plaintiffs equal employment opportunities including depriving Plaintiffs of tangible employment benefits to include perks and monetary benefits, such as take-home cars, additional overtime opportunities and pay and call-out/on-call pay that are not afforded to relief assignments.

37. Specifically, the City discriminated against Plaintiffs with respect to their compensation, terms, conditions, or privileges of employment, because of Plaintiffs' race and/or sex.  The foregoing was in violation of 42 U.S.C. § 2000e-2(a).

38. Defendant City's actions were willful and/or in reckless disregard for Plaintiffs' rights under Title VII, entitling Plaintiffs to punitive damages.

39. As a direct and proximate result of Defendant City's violations, Plaintiffs have suffered and continue to suffer damages, including lost wages, benefits, promotional opportunities, emotional distress, and other economic and non-economic harms.

### Count Two  (as against the City of Cincinnati)
### R.C. 4112.02(A)
### Discrimination on the Basis of Race and/or Sex

40. Plaintiffs incorporate by reference all of the above paragraphs as though fully

restated herein.

41. Ohio Revised Code 4112.02(A) makes it an unlawful discriminatory practice for an employer, because of the race or sex of any person, to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

42. Defendant City engaged in unlawful discriminatory practices by making preferred assignment decisions affecting Plaintiffs on the basis of Plaintiffs' race (white) and/or sex (male).

43. Defendant City's actions were intentional, willful or undertaken with reckless disregard for Plaintiffs' rights under Ohio law.

44. Defendant City's conduct violates R.C. 4112.02 and entitles Plaintiffs to relief, including compensatory damages, punitive damages, equitable relief, and reasonable attorneys' fees and costs, as provided under R.C. 4112.99.

### Count Three (as against Theresa Theetge)
### R.C. 4112.02(J)
### Aiding, abetting, inciting, compelling, or coercing discrimination

45. Plaintiffs incorporate by reference all of the above paragraphs as though fully restated herein.

46. Defendant Theetge aided, abetted, incited, compelled, or coerced discrimination on the basis of race and/or sex, in conducting City Police Lieutenant assignments, which she personally oversaw, causing the City to violate R.C. 4112.02(A). Without her aid, incitement, compulsion, and/or coercion of such discrimination, the City would not have violated 4112.02(A).

47. Defendant Theetge's actions were intentional, willful or undertaken with reckless disregard for Plaintiffs' rights under Ohio law.

48. Defendant Theetge's conduct violates R.C. 4112.02(J) and entitles Plaintiffs to relief, including compensatory damages, punitive damages, equitable relief, and reasonable

attorneys' fees and costs, as provided under R.C. 4112.99.

### Count Four (as against the City and Theresa Theetge)
### 42 U.S.C. § 1983

49. Plaintiffs incorporate by reference all of the above paragraphs as though fully restated herein.

50. Plaintiffs are citizens of the United States of America.

51. Plaintiffs also have clearly established rights and protections under the Fourth and Fourteenth Amendments to the United States Constitution.

52. Defendants, using their offices and acting under color of state law, violated and are violating Plaintiffs' Fourteenth Amendment Rights. Defendants City and Theetge, thereby subjected themselves under 42 U.S.C. § 1983, to prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, et seq. (Defendant Theetge in her official capacity). Defendant Theetge, in her individual capacity, subjected herself to be liable for monetary damages sought herein.

53. Race-based discrimination is predicated on an immutable, protected characteristic, under which the court applies strict scrutiny. The court will uphold the policy only if it furthers a compelling governmental interest and is narrowly tailored in doing so.

54. Gender-based discrimination is reviewed under intermediate scrutiny, in which the challenged discrimination must serve important governmental objectives and must be substantially related to achievement of those objectives.

55. The aforementioned discrimination violates the Fourteenth Amendment's Equal Protection Clause, and violates clearly established rights, including those set forth in *Cleveland Firefighters for Fair Hiring Practices v. City of Cleveland*, 669 F.3d 737, 738-739 (6th Cir. 2012); Vitolo v. Guzman, 999 F.3d 353 (6th Cir. 2021); *Grano v. Department of Development, City of*

*Columbus*, 637 F.2d 1073 (6th Cir. 1980); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990), and other cases.

56. The City and Chief Theetge have actively and systemically undertaken efforts to promote, advance, and make promotion and assignment decisions that are preferable to women and minorities, and to the exclusion of white men, including through hiring, diversity initiatives, outreach programs, and other steps that demonstrate that there are background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority. Plaintiffs, who are all white males, applied for, and did not receive those positions. Furthermore, as respects the preferential assignments, each of the Plaintiffs were qualified for those positions. And similarly situated persons received those preferential assignments on the basis of race and/or sex. Plaintiffs were treated differently than similarly situated employees of a different race and/or sex.

57. The assignment decisions herein, are the result of conscious policymaking by, among other people, Police Chief Theresa Theetge. Her directives on assignments have been followed to date.

58. Defendant, City of Cincinnati is likewise liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the foregoing Fourteenth Amendment violations, because (i) officials with final decision making authority ratified and/or directed the illegal and unconstitutional actions complained of herein; (ii) the City had and may still have a policy of inadequate training or supervision, including the failure to investigate, supervise, and take appropriate action with respect to Defendant Theetge, despite the existence of prior legitimate complaints against her for similar unconstitutional misconduct; and (iii) the City had, at all times relevant hereto, and may still have a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of*

*Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

59. As such, Plaintiffs seek compensatory damages in an amount to be determined at trial under 42 U.S.C. § 1983, for violations of their clearly established constitutional rights as set forth herein. The measure of such damages shall be proven at trial.

60. Plaintiffs further seek punitive damages against Defendant Theetge, in her individual capacity, since the actions complained of were motivated by evil motive or intent, and/or it involved reckless or callous indifference to the federally protected rights of Plaintiffs. Plaintiffs demand judgment on these punitive damages against Defendant Theetge, in her individual capacity, in an amount to be determined at trial.

61. Plaintiffs also seek equitable and declaratory relief under 42 U.S.C. § 1983, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1. An award of compensatory damages, including but not limited to lost wages and benefits, emotional distress, and other damages, in such amount as will reasonably compensate them for their losses;

2. An award of punitive damages;

3. Appropriate declaratory relief declaring that Defendants violated the law as set forth herein, and appropriate injunctive relief including restorative and remedial relief to include "root and branch" relief to end all vestiges of the City's and Theetge's ongoing discriminatory assignment practices, other appropriate equitable relief, and prospective injunctive relief to halt ongoing discriminatory assignment practices;

4. An award of Plaintiffs' reasonable attorneys' fees and costs; and

5. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**GOTTESMAN & ASSOCIATES, LLC**

*/s/ Zachary Gottesman*
Zachary Gottesman (0058675)
9200 Montgomery Road
Building E – Unit 18B
Cincinnati, Ohio 45242
Tel: (513) 651-2121
zg@zgottesmanlaw.com

Christopher Wiest (0077931)
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
Tel: (513) 257-1895
chris@cwiestlaw.com

Robb Stokar (0091330)
9200 Montgomery Road
Building E – Unit 18B
Cincinnati, Ohio 45242
Tel: (513) 500-8511
rss@stokarlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Zachary Gottesman*
Zachary Gottesman (0058675)